UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 14 2008

Clerk, U.S. District and
Bankruptcy Courts

DR. KEITH ROBERT CALDWELL SR.
14179 ROCKINGHORSE DRIVE
DALE CITY, VIRGINIA 22193
703 730-6772

VS.

UNITED STATES TAX COURT
CLERK OF THE COURT
ATTN: CHIEF JUSTICE IN CHARGE
400 SECOND STREET, NW
WASHINGTON, D.C. 20217-0002

Case: 1:08-cv-01427
Assigned To : Kennedy, Henry H.
Assign. Date : 8/14/2008
Description: Pro Se General Civil

JURY ACTION

JUDGE PETER J. PANUTHOS
UNITED STATES TAX COURT
400 SECOND STREET, NW
WASHINGTON, D.C. 20217-0002

COMMISSIONER, INTERNAL REVENUE SERVICE
DOUGLAS SHULMAN
OFFICE OF CHIEF COUNSEL
FLOOR 6
500 N. CAPITAL STREET, NW
WASHINGTON, DC 20226-0003

WILLIAM J. GREGG,
INTERNAL REVENUE SERVICE
OFFICE OF CHIEF COUNSEL
FLOOR 6
500 N. CAPITAL STREET, NW
WASHINGTON, DC 20226-0003

DENNIS PARIZEK
INTERNAL REVENUE SERVICE
1973 NORTH RULON WHITE BLVD
OGDEN, UTAH 84404

## **COMPLAINT**

The following complaint resulted from the United States Tax Court Case: Caldwell v. Commissioner, Internal Revenue Service (C v. C, IRS), Docket No. 22000-06S. This complaint denotes violation of the Petitioner's Fifth Amendment Rights in (C v. C, IRS). This complaint denotes violations of XVII Rule 174 with respect to orderly procedure and that the U.S. Tax Court permitted the Respondent to enter false statements in the record, which were used by Judge Panuthos in the final opinion.

This complaint denotes IRS larceny of personnel property, specifically, the 2005 income tax refund that was due payment to the Petitioner in 2006.

This complain denotes the refusal of the United States Tax Court to remove Judge Panuthos from the case as requested by the Petitioner in a motion to the court.

This complaint denotes the false statements that were made by the IRS legal representatives in the course of the trial and post-trial.

This complaint denotes the flawed opinion that was written by Judge Panuthos to dispose of the (C v. C, IRS) case. In the Judge's case opinion the Respondent reaped a benefit from adding to the record false and misleading statements. The U.S. Tax Court process was a sham. As the Petitioner, I elected to seek remedy from the tax court to respond to a clear pattern of harassment by the IRS resulting from tax audits in years 2003, 2004, and 2006.

The significant difference in conclusions between the audits in 2003 and 2004 were at the root of the IRS controversy. As the Petitioner in (C v. C, IRS) I looked to the court for justice, instead, I witnessed first-hand everything that Americans' detest about our executive and judicial branches. As a citizen I am embarrassed by the absence of ethics by the United States Tax Court and the Internal Revenue Service.

**The United States Tax Court and Chief Special Trial Judge Peter J. Panuthos:**

Chief Special Trial Judge Peter J. Panuthos in his written opinion in the matter of Caldwell vs. Commissioner Internal Revenue Service (C. vs. C, IRS), United States Tax Court Docket No. 22000-06S misrepresented significant facts in the case. By clearly favoring the respondent's interpretation of significant facts, which were false, Chief Special Trial Judge Peter J. Panuthos, issued an opinion that was favorable to the respondent even though facts in the case clearly demonstrated that the Petitioner was the prevailing party in the (C. vs. C, IRS) case. Chief Special Trial Judge Peter J. Panuthos, discussion of the case, as part of the written opinion, repeated false statements and misrepresentation of facts that were included in the Respondent's motion that objected to an administrative and litigation award, to the Petitioner.

Chief Special Trial Judge Peter J. Panuthos opinion with regards to denying an administrative and litigation award to the Petitioner is based on the failure of the Petitioner to provide a statement regarding: 1) "net worth" Rule 231 (b), 28 U.S.C., and 2) an affidavit to itemize specifics costs occurred by the Petitioner in response to the (C. vs. C, IRS) matter which began in March 2006 and ended in July 2008. Chief Special Trial Judge Peter J. Panuthos had within his authority to issue an order to demand that the Petitioner respond to that requirement prior to rendering his opinion. But, Chief Special

Trial Judge Peter J. Panuthos did not exercise that authority. Up to that point in the process the case was clearly moving in favor of the Petitioner. Chief Special Trial Judge

Peter J. Panuthos' decision to render an opinion that clearly benefited the Respondent was unconscionable. Chief Special Trial Judge Peter J. Panuthos from the outset of the matter demonstrated favor to the Respondent even when the Respondent failed to adequately respond to questions and requests for information that were presented to the U.S. Tax Court via motions filed in the court.

**The Commissioner, Internal Revue Service Douglas Shulman and the Internal Revenue Service Attorney William J. Gregg:**

The Internal Revenue Service presented to the United States Tax Court in the matter Caldwell vs. C, IRS, a case, that was riddled with notable inaccuracies, misstatements, erroneous allegations, and errors in judgment. During the trial and post-trial the Petitioner generated motions to Chief Special Trial Judge Peter J. Panuthos, seeking information regarding problems and issues regarding the IRS' claims yet, the motions were repeatedly ignored by Chief Special Trial Judge Peter J. Panuthos. The Internal Revenue Service had a weak case at the start of trial. The IRS representatives distorted case facts and steered Chief Special Trial Judge Peter J. Panuthos toward the eventual conclusion, which was an opinion favorable to the Respondent even when the facts as stated in the Judge's opinion contained errors.

The IRS legal representatives distorted facts in the case, both at trial and in subsequent responses to the court. There were significant inaccuracies in case facts contained in the IRS objection to an award of administrative and litigation costs to the

Petitioner. The inaccuracies also appear in the discussion section of the opinion rendered by Chief Special Trial Judge Peter J. Panuthos.

The IRS legal representatives distorted case facts to Chief Special Trial Judge Peter J. Panuthos at the time of trial. During the trial, as the Petitioner, I requested that the IRS return my tax refund for Tax Year 2005 (the 2005 tax refund was seized by the IRS as part payment on the alleged debt in (C. vs. C, IRS) case. The IRS representative stated falsely that the 2005 tax refund was not material to the (C. vs. C, IRS) matter. I presented a document to support my position but Chief Special Trial Judge Peter J. Panuthos had already set in place the foundation for the outcome of this case. I knew then that Chief Special Trial Judge Peter J. Panuthos were going to end this matter in favor of the IRS.

As of August 12, 2008, the IRS has not returned my Tax Year 2005 tax refund. As far as this issue goes, the following events occurred:  1) The IRS seized my tax refund to apply it to the alleged Tax Year 2004 debt; 2) The Attorneys lied to Chief Special Trial Judge Peter J. Panuthos during trial in October 2007 about the relevance of that refund to the 2004 tax matter; 3) The IRS withdrew their case in November 2007; 4) IRS manipulate the case facts to coerce Chief Special Trial Judge Peter J. Panuthos to produce an opinion based on distortions which ultimately favored the IRS; and then 5) The IRS got to keep my 2005 tax refund. During the trial, Chief Special Trial Judge Peter J. Panuthos should have required that the IRS present proof to the court that the 2005 tax refund was not part of the (C. vs. C, IRS) case. He did not do that. He accepted the false

statements. That issue was not addressed in his final discussion of the (C. vs. C, IRS) case.

Equally noteworthy, was that the glaring discrepancy between the IRS 2003 and 2004 tax audits regarding alimony payment to my former spouse were omitted from Judge Panuthos discussion of the case that accompanied his opinion. The IRS legal representative facilitated the initial false statements to the U.S. Tax Court.
The IRS legal representative in the motion to object to litigation and administrative costs to the Petitioner distorted facts in the case. Chief Special Trial Judge Peter J. Panuthos used the distorted facts to base his opinion. The IRS motion is a series of misstatements therefore not having done his own fact-based research Chief Special Trial Judge Peter J. Panuthos' opinion was as useless as the IRS response to the U.S. Tax Court on the issue of payment of administrative and litigation costs to the Petitioner.

**The Ogden, Utah and San Antonio, Texas IRS Field Offices, Dennis Parizek:**

The IRS Utah office and the IRS San Antonio office conduced a tax audit on my Tax Year 2004 and 2003 tax filings, respectively. Each office came to two distinctly different conclusions regarding an audit of the same issue (alimony payments to my former spouse). Facts were presented to Chief Special Trial Judge Peter J. Panuthos during trial to support obvious inconsistencies between the two audits. The IRS steered Chief Special Trial Judge Peter J. Panuthos away from the 2003 audit because the result of that audit clearly demonstrated that the 2004 (C. vs. C, ITS) matter was flawed. Chief

Special Trial Judge Peter J. Panuthos did not hold the IRS accountable to respond to issues and questions presented by the Petitioner.

The IRS Utah office, which led the charge in the Caldwell vs. IRS, tax case opened up a 2006 tax case (on the same issue alimony payments to former spouse) even while the IRS Washington D.C. legal staff was conceding defeat to Chief Special Trial Judge Peter J. Panuthos in (C. vs. C, IRS). This new action was the basis for the Petitioner's request for the U.S. Tax Court to bar the IRS from auditing the Petitioner's future tax filings solely based on the issue of alimony payments to a former spouse. The IRS would not stipulate to that request and Chief Special Trial Judge Peter J. Panuthos did what he had done throughout the trial and post-trial process. Chief Special Trial Judge Peter J. Panuthos rubber-stamped the IRS position even though the IRS Utah office had no information that would warrant opening a case for 2006. The Tax Year 2006 presently has a docket number in the United States Tax Court. That case represents yet another instance of the IRS pattern of harassment with regards to alimony payments to my former spouse that were directed in our divorce decree.

Chief Special Trial Judge Peter J. Panuthos did not decide the Caldwell vs. IRS matter based on facts. As the Petitioner, I submitted a motion to the U.S. Tax Court to request that Chief Special Trial Judge Peter J. Panuthos recuse himself from the Caldwell vs. IRS matter. The motion was filed based on the Petitioner's perception that the Judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence

was impaired. The U.S. Tax Court did not remove Chief Special Trial Judge Peter J. Panuthos from the Caldwell vs. IRS case. I believe, Judge Panuthos would have been within his power and authority to request that the Petitioner provide appropriate affidavits to support a claim for administrative and litigation costs.

However, Judge Panuthos did not issue an order to demand documentation. Instead, he got even with the Petitioner for seeking his removal from the case. Judge Panuthos wrote an opinion (denial of a monetary award) based largely on a technicality (Rule 231 (b)) – missing a statement of net worth and an affidavit to support Petitioner's expenditures, coupled with distortion of facts by the IRS in their objection to the administrative and litigation payment.

The United States Tax Court's handling of the Caldwell vs. IRS matter was an embarrassment to the United States' legal system and process. The IRS clearly pursued a reckless course by allowing the Caldwell vs. IRS matter to be presented in court. Looking back on the 26 months that this case consumed my time, health, physical and mental well being, the IRS manipulated facts, steered the U.S. Tax Court appropriately, and ended the case with an opinion by Chief Special Trial Judge Peter J. Panuthos, which represents a miscarriage of justice and a black mark on the legal system.

These issues deserve to be presented to the United States District Court. There was no further remedy within the United States Tax Court. The opinion rendered in that court, no matter how flawed and inaccurate, was final. As a citizen of the United States I request a day in court to have this issue presented to a jury of my peers to determine the

extent of the United States Tax Court culpability in allowing the IRS to lie and cheat its way to a court victory, with the assistance of the United States Tax Court.

In the matter described in this document that I will present to the United States District Court I seek a personal injury and a damage award in the amount of $2,500,000.00.

As of August 12, 2008, no legal representation was assigned to assist in this process. I do however; reserve the right to retain legal service if/when the need occurs. In that situation I would require that attorney fees and associated costs, to include all expert witnesses that would be required to present this case to the United States District Court, be paid in whole by the Defendants.

A trial by jury is requested.

*Dr. Keith Caldwell,*
DR. KEITH ROBERT CALDWELL SR.
14179 ROCKINGHORSE DRIVE
DALE CITY, VA 22193



F
08-1427
HHK

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Dr. Keith Robert Caldwell Sr.
14179 Rockinghorse Drive
Dale City, VA 22193

88888

## DEFENDANTS

United States Tax Court
400 Second Street, NW
Washington, D. C. 20217-0002

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Prince William
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Dr. Keith Robert Caldwell Sr.
14179 Rockinghorse Drive
Dale City, VA 22193

ATTORNEYS

Case: 1:08-cv-01427
Assigned To : Kennedy, Henry H.
Assign. Date : 8/14/2008
Description: Pro Se General Civil

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ⊙ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☒ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

/7/

| G. Habeas Corpus/ 2255 | H. Employment Discrimination | I. FOIA/PRIVACY ACT | J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. Labor/ERISA (non-employment) | L. Other Civil Rights (non-employment) | M. Contract | N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violation of Fifth Amend Right to Due Process (Caldwell's) in Caldwell v. IRS. Violation of Title XVII Rule 174. Larceny of Caldwell's personal property.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 2,500,000.00  Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (rx.cr.)  (See instruction) YES ☒ NO ☐ If yes, please complete related case form.

DATE 8/13/2008  SIGNATURE OF ATTORNEY OF RECORD  [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.